**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: NUTTERY FARM, INC., <br><br> _____ <br><br> HENDRIK SMEDING and LETTIE SMEDING, <br><br> Appellants, <br><br> v. <br><br> AHCOM, LTD., <br><br> Appellee, <br><br> JEFFREY G. LOCKE, Chapter 7 Trustee, <br><br> Trustee - Appellee. | No. 10-17800 <br><br> D.C. No. 3:10-cv-03146-WHA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted January 18, 2012
San Francisco, California

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hendrik and Lettie Smeding appeal from the bankruptcy court's approval of the sale of Nuttery Farm Inc.'s causes of action to Adam Hacking, Ahcom's principal. The district court dismissed their appeal for lack of standing. We affirm.

The Bankruptcy Code allows the trustee of a bankruptcy estate to move the bankruptcy court for authority to sell or settle a cause of action. 11 U.S.C. § 363; *In re Mickey Thompson Entm't Grp., Inc.*, 292 B.R. 415, 421 (9th Cir. B.A.P. 2003). The trustee must give interested parties notice twenty-one days[1] before the sale or hearing on approval of settlement, and provide an opportunity to object. Fed. R. Bankr. Proc. 6004(a), 9019(a), 2002(a)(2)-(3), (c)(1). However, a trustee's management of the other procedural details surrounding bidding and sale are "ultimately a matter of discretion that depends upon the dynamics of the particular situation." *Mickey Thompson*, 292 B.R. at 422.

The Smedings observe that in this case the trustee originally noticed a proposal to sell the estate's claims to the Smedings, not to Ahcom. The Smedings argue that when the trustee decided to instead seek approval of Ahcom's counteroffer, the trustee was obligated to provide a new twenty-day notice.

---

[1] At the time of the trustee's motion, the Bankruptcy Rules required only twenty days' notice. Fed R. Bankr. Proc. 2002(a) (2009).

2

However, the trustee's notice clearly contemplated the possibility of sale to a higher bidder. It informed the interested parties that Ahcom "has expressed interest in potentially overbidding for control of these causes of action" and that "[a]ccordingly, this compromise is subject to overbids." The Smedings argue that any such overbid should have come by way of the telephonic auction procedure proposed by the trustee, not by way of an objection. However, the notice outlined procedures for objections as well as for overbids, and the Smedings identify no rule or court order which required Ahcom to choose the overbid route instead of the objection route. We hold that the trustee gave the required notice of its intention to sell the claims.

The Smedings raise a new version of their argument in their reply brief. They observe that the causes of action the trustee originally planned to sell to the Smedings did not include a fiduciary duty claim, but that the causes of action the trustee ended up selling to Hacking did. They argue that the trustee never gave notice of the sale of the fiduciary duty claim. However, in spite of the fact that Ahcom's objections put the Smedings on notice that Ahcom was offering to buy the fiduciary duty claim, the Smedings never mentioned the issue in their objections to the bankruptcy court or at the hearing, gave no sign of being surprised, and never identified any prejudice they suffered as creditors as a result.

3

They therefore do not have standing to raise the issue on appeal. *See In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1335 (9th Cir. 1985).

AFFIRMED.